**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Nicolas Russo, Jr.,<br><br>　　　　　Defendant. | No. CR-17-00252-001-PHX-DJH<br><br>**ORDER** |

Before the Court is Defendant, Nicolas Russo, Jr.'s Motion for Early Termination of Probation. (Doc. 43). The Government has not filed a Response and the time to do so has expired. For the forgoing reasons, the Court will grant the Motion.

I.　　Background

The Defendant entered a guilty plea to an Information charging him with Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371 on February 15, 2017. (Doc. 40). Therein, he admitted that he, and others, "conspired and schemed to commit securities fraud by manipulating the stock of a publicly traded company, Xhibit Corporation . . . by engaging in prohibited and manipulative trading activities." (*Id*. at 9) In his plea agreement, he agreed to pay a $100 Special Assessment fee pursuant to 18 U.S.C. § 3013 and to pay restitution in the amount of "no more than $550,000 to his investment advisory clients who were directly or proximately harmed by the defendant's conduct." (*Id*. at 10) At sentencing, the Government sought a "significant downward departure" of sixteen-levels, and a "probationary sentence of one-year." (Doc. 36). The

Government stated the recommendation was due to his cooperation and "lack of criminal history and other positive attributes." (*Id*. at 1)  The Government further stated "[p]rotection of the public and specific deterrence are not significant concerns as defendant is not likely to commit another offence. " (*Id*. at 5)

The victim impact statements echoed a common theme of anger and resentment at having their life savings and/or retirement savings taken from them. Though no victim opined on the type of sentence the Defendant should receive, all requested restitution. (Doc. 37-1).  At time of sentencing, the Defendant had no prior criminal arrests or convictions. He denied any history of substance abuse, or mental health issues.  He indicated suffering from degenerative disc disease. His education included obtaining an Associates Degree in Finance and he was a licensed broker and relinquished that license pursuant to his plea agreement.   On June 24, 2019, the Court ordered that the Defendant serve three-years of probation and pay $ 261,886.21 in restitution, and a $100 Special Assessment Fee. (Doc. 41).  The Defendant has served approximately one-year and eight months of his three-year probation term, paid all restitution and fees and now seeks termination of probation.

II. Law and Analysis

Title 18 U.S.C. § 3564(c) governs whether a probation term may be terminated early.  It requires that the court consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  The factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."  Upon consideration of the 3553(a) factors, a court may "terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony, if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice."  18 U.S.C. § 3564(c).

The only sentencing factor that applied to the Defendant was the need to deter him from future like conduct and to punish him accordingly.  It appears that those factors have been satisfied.  The Defendant notes that "I took the sentence of probation seriously and as a personal challenge to become a better person both in actions and deeds." (Doc. 43-1 at

6). He notes having volunteered with veteran's charities by donating and engaging in direct volunteer work. (*Id*. at 5)  He further notes that he is now the caretaker for his wife who was recently diagnosed with cancer. (*Id*.)  Furthermore, the U.S. Probation officer assigned to supervise the Defendant notes that he submitted to regular substance use testing without positive results, he provided all financial documentation as required and maintained self-employment.  The Defendant had no documented instances of noncompliance while on probation.  Therefore, the Court finds that the Defendant's conduct, in making restitution and abiding by the Court's supervision, warrants early termination of his probation term.

Accordingly,

**IT IS ORDERED** granting the Defendant's Motion for Early Termination of Probation.  (Doc. 43).

Dated this 8th day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge